**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

ALMA FLORES
c/o 519 H Street NW
Washington, DC 20001
(Prince George's County)

      Plaintiff,

v.

GFE DISTRIBUTION, LLC
d/b/a CAPITAL MEAT COMPANY OF
MARYLAND
9445 Tobin Circle
Potomac, MD 20854
(Montgomery County)

FRANK ALAFOGINIS
1025 North Fillmore Street
Apartment 521
Arlington, VA 22201

      Defendants.

Civil Action No. _____

**COLLECTIVE ACTION AND**
**CLASS ACTION REQUESTED**

## COMPLAINT

1.　　Plaintiff and similarly situated individuals were employed by Defendants at a meat

processing warehouse. Defendants paid employees flat weekly salaries that denied them

overtime wages. Moreover, once terminated from their employment, Defendants did not pay

employees for unused leave that had accrued prior to their final day of employment.

2.　　Plaintiff brings this action to recover damages for Defendants' willful failure to pay (a)

overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*;

and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et*

*seq.* and (b) overtime wages and unused leave, in violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq*.

3.      Plaintiff brings her FLSA claim as a "collective action," pursuant to 29 U.S.C. § 216(b), on behalf of: **All non-exempt employees who worked for GFE Distribution, LLC from November 1, 2015 through the present and who were not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.**

4.      Plaintiff brings her MWHL and MWPCL claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of: **All non-exempt employees who worked for GFE Distribution, LLC from November 1, 2015 through the present and who were either (a) not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek or who were (b) not paid their unused leave that had accrued prior their final day of employment.**

### Jurisdiction and Venue

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

### Parties

7.      Plaintiff Alma Flores is an adult resident of Prince George's County, Maryland.

8.      Defendant GFE Distribution, LLC is a Maryland corporate entity. It does business as Capital Meat Company of Maryland. Its principal place of business is registered as 9445 Tobin

Circle, Potomac, MD 20854. Its resident agent for service of process is Arthur Alafoginis, 9445 Tobin Circle, Potomac, MD 20854.

9.      Defendant Frank Alafoginis is an adult resident of Virginia. He resides at 1025 North Fillmore Street, Apartment 521, Arlington, VA 22201. He is an owner and officer of Defendant GFE Distribution, LLC. He exercises control over the operations of GFE Distribution, LLC — including its pay practices.

**Factual Allegations**

10.     Defendants operated a meat processing warehouse located at 2003 Beaver Road, Landover, MD 20785.

11.     Plaintiff and similarly situated individuals worked at 2003 Beaver Road, Landover, MD 20785.

12.     Plaintiff worked for Defendants from approximately February 2004 through approximately August 1, 2018.

13.     Plaintiff and similarly situated individuals typically and customarily performed manual labor.

14.     Plaintiff and similarly situated individuals worked as butchers and or as assistants to the butchers.

15.     Plaintiff and similarly situated individuals' job duties primarily consisted of cutting and preparing individual-serving-size portions of meat.

16.     Plaintiff primarily cut and prepared ribeye steaks.

17.     Plaintiff and similarly situated individuals typically and customarily worked 6 days per week.

18.     Plaintiff and similarly situated individuals typically and customarily worked 42.0 hours per week.

19.     Plaintiff and similarly situated individuals typically and customarily worked the following schedule:

|  | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | 3:00 AM | 11:00 AM | 0.5 | 7.5 |
| Tuesday | 3:00 AM | 11:00 AM | 0.5 | 7.5 |
| Wednesday | 3:00 AM | 11:00 AM | 0.5 | 7.5 |
| Thursday | 3:00 AM | 11:00 AM | 0.5 | 7.5 |
| Friday | 3:00 AM | 11:00 AM | 0.5 | 7.5 |
| Saturday | 3:00 AM | 8:00 AM | 0.5 | 4.5 |
| Sunday |  |  |  |  |
|  |  |  |  | **42.0 hours total** |

20.     On occasion, Plaintiff and similarly situated individuals worked on Sundays, for an additional 4.5-7.5 hours.

21.     At all relevant times, Defendants paid Plaintiff and similarly situated individuals a weekly salary.

22.     At all relevant times, Defendants paid Plaintiff the following weekly salaries:

| Approximate Dates | Weekly Salaries | Effective Hourly Rate |
|---|---|---|
| Oct. 29, 2015–Apr. 25, 2018 | $1,166.90 | $27.78 |
| Apr. 26, 2018–May 02, 2018 | $1,201.90 | $28.62 |
| May 03, 2018–Aug. 01, 2018 | $1,216.90 | $28.97 |

23.     At all relevant times, Defendants split the weekly salary of Plaintiff and similarly situated individuals into two separate checks.

24.     For example, Defendants paid Plaintiff with two checks, as shown below, for the pay period of June 28, 2018 through July 4, 2018:

4

| The Capital Meat Company | | | | | | 30808 |
|---|---|---|---|---|---|---|
| Employee | | | | SSN | Status (Fed/State) | Allowances/Extra |
| Alma Y. Flores, 5414 15th Ave., Hyattsville, MD 20782 | | | | ***-**-6709 | Married/Single | Fed-2/0/MD-2/0 |
| | | | | | Pay Period: 06/28/2018 - 07/04/2018 | Pay Date: 07/06/2018 |
| Earnings and Hours | Qty | Rate | Current YTD Amount | | | |
| Salary | | 751.90 | 20,301.30 | Net Pay | | 486.46   14,430.61 |
| Deductions From Gross | | | Current YTD Amount | | | |
| 401k Emp. | | | -36.60    -988.20 | | | |
| Taxes | | | Current YTD Amount | | | |
| Medicare Employee Addl Tax | | | 0.00 | | | |
| Federal Withholding | | | -33.00    -915.00 | | | |
| Social Security Employee | | | -46.62  -1,258.68 | | | |
| Medicare Employee | | | -10.90    -294.37 | | | |
| MD - Withholding | | | -44.02  -1,188.54 | | | |
| | | | -134.54  -3,656.59 | | | |
| Adjustments to Net Pay | | | Current YTD Amount | | | |
| Insurance | | | -94.30  -1,225.90 | | | |

Capital Meat Company, PO Box 3117, GFE DISTRIBUTION LLC

Powered by **Intuit Payroll**

| The Capital Meat Company | | | 30807 |
|---|---|---|---|
| Employee | | SSN | Status (Fed/State) | Allowances/Extra |
| Alma Flores, po box 3117, landover, MD 20784 | | ***-**-6709 | Single | Fed-0/0 |
| | | | Pay Period: 06/28/2018 - 07/04/2018 | Pay Date: 07/06/2018 |
| Taxes | Current YTD Amount | | |
| Medicare Employee Addl Tax | 0.00 | | |
| Federal Withholding | 0.00 | | |
| Social Security Employee | 0.00 | | |
| Medicare Employee | 0.00 | | |
| | 0.00 | | |
| Adjustments to Net Pay | Current YTD Amount | | |
| Reimbursement - Other | 465.00  11,690.00 | | |
| Net Pay | 465.00  11,690.00 | | |

Capital Meat Company, PO Box 3117, GFE DISTRIBUTION LLC

Powered by **Intuit Payroll**

25.    Plaintiff and similarly situated individuals worked more than 40 hours per workweek for Defendants.

26.    Defendants paid Plaintiff and similarly situated individuals the same effective hourly rate across all hours worked.

27.    Defendants did not pay Plaintiff and similarly situated individuals overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of 40 in a workweek.

28.    For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $4,018.30 in overtime wages (excluding liquidated damages).

29.     Defendants owe Plaintiff and similarly situated individuals an average of approximately $4,000.00 in unpaid overtime wages (excluding liquidated damages).

30.     Defendants promised Plaintiff and similarly situated individuals the following three kinds of paid leave: vacation, sick, and personal time off (PTO).

31.     Plaintiff and similarly situated individuals accrued vacation leave, sick leave, and PTO upon the anniversary of their employment.

32.     Plaintiff and similarly situated individuals annually accrued leave as follows:

| Type of Leave | Amount |
|---|---|
| Vacation | 6 days — after 1 year of employment |
| | 12 days — after 2 years of employment |
| Sick | 6 days — after 1 year of employment |
| PTO | 6 days — after 1 year of employment |

33.     Defendants notified Plaintiff and similarly situated individuals of their leave benefits either before or on their date of hire.

34.     Defendants outlined Plaintiff and similarly situated individuals' leave benefits in Defendants' employee handbook.

35.     Upon the termination of her employment, Plaintiff had an unused accrued leave balance of approximately 12 days of vacation, 6 days of sick leave, and 3 days of PTO.

36.     For her unused accrued leave, Defendants owe Plaintiff approximately $4,259.15 (3.5 weeks of leave × $1,216.90 (weekly salary)).

37.     Defendants owe Plaintiff and similarly situated individuals an average of approximately $4,000.00 in unpaid leave (excluding liquidated damages).

38.     At all relevant times, Defendants had the power to hire and fire Plaintiff and similarly situated individuals.

39.     At all relevant times, Defendants had the power to control Plaintiff and similarly situated individuals' work schedule.

40.     At all relevant times, Defendants had the power to supervise and control Plaintiff and similarly situated individuals' work.

41.     At all relevant times, Defendants had the power to set Plaintiff and similarly situated individuals' rate and manner of pay.

42.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff and similarly situated individuals one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

43.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff and similarly situated individuals all wages legally due to them.

44.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

45.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## "COLLECTIVE ACTION" ALLEGATIONS

46.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b).

48.     Over the relevant time period, Defendants have employed approximately 35 similar employees who were paid by the hour.

49.     Plaintiff brings her FLSA claims for wages and damages on her own behalf, and on behalf of: **All non-exempt employees who worked for GFE Distribution, LLC from**

**November 1, 2015 through the present and who were not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.**

50. These individuals are similarly situated because:

      i. They were all paid a weekly salary;

      ii. They all worked in non-exempt positions;

      iii. They were all subject to the same timekeeping practices;

      iv. They were all subject to the same leave accrual policies;

      v. They were all subject to the same employment policies;

      vi. They all worked at 2003 Beaver Road, Landover, MD 20785;

      vii. They have all been denied overtime wages; and

      viii. They were all paid in the same manner.

51. On information and belief, these putative classes consist of at least 35 past and present employees.

52. On information and belief, Defendants owe members of the putative class approximately **$140,000.00** ($4,000.00 × 35 individuals) in unpaid overtime wages, plus an additional **$140,000.00** in liquidated damages under the FLSA, 29 U.S.C. § 216(b).

<u>**CLASS ACTION ALLEGATIONS**</u>

53. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

54. This action is maintainable as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.

55. Plaintiff brings her claims on their own behalf, and on behalf of: **All non-exempt employees who worked for GFE Distribution, LLC from November 1, 2015 through the present and who were either (a) not paid one and one-half times their regular hourly rate**

8

**for hours worked in excess of 40 hours in any one workweek or who were (b) not paid their**

**unused leave that had accrued prior their final day of employment.**

56.     On information and belief, the putative class consists of approximately 35 past and

present employees

57.     On information and belief, Defendants owe members of the putative class approximately

$**140,000.00** ($4,000.00 × 35 individuals) in unpaid overtime wages, plus **$140,000.00**

($4,000.00 × 35 individuals) in accrued leave, and an additional **$560,000.00** in liquidated

damages (($140,000.00 + $140,000.00) × 2) under the MWPCL, Md. Code, Lab. & Empl. Art.,

3-507.2

### Numerosity and the Impartibility of Joinder

58.     The putative class is so numerous that individual joinder of all members is impracticable.

59.     The putative class consists of approximately 35 individuals.

60.     Putative class members live in multiple jurisdictions, including Montgomery, Prince

George's, and Anne Arundel Counties.

61.     Many putative class members have claims so small that it would not be feasible for them

to pursue their claims independently.

62.     Most putative class members are unfamiliar with the Maryland laws regarding overtime

wages.

63.     Many putative class members do not speak, read, or write English.

64.     Many members of the putative class sincerely believe that they will be fired if they take

any affirmative steps to pursue their claims.

**Commonality**

65.     All putative class members performed similar job duties that involved non-exempt, manual labor.

66.     All putative class members were subject to the same timekeeping practices and employment policies.

67.     All putative class members reported to the same job locations.

68.     The employment of all putative class members is subject to the same relevant laws: the FLSA, the MWHL, and the MWPCL.

69.     All putative class members were paid in the same manner.

70.     Not only are there common questions of law and fact; each putative class member's claim is virtually *identical*. Differences between the amounts owed to each member may be resolved by a simple formula that takes into account each member's regular rate of pay, hours worked, and length of employment.

**Typicality / Adequacy**

71.     Plaintiff is typical of the putative class members. She performed similar job duties as fellow class members; she worked schedules similar to her fellow class members; and she was subject to the same employment policies as her fellow class members.

72.     There is no reason that Plaintiff would not vigorously pursue the claims of the putative class.

73.     Undersigned counsel has litigated over 100 cases in state and federal court that implicate the FLSA, DCMWA, DCWPCL, MWHL, and/or MWPCL. He has been counsel in class, collective, and "hybrid" (class + collective) actions.

74.     There is no reason undersigned counsel would not vigorously pursue the claims of the putative class.

### Predominancy / Superiority

75.     As stated above, the questions of fact and law are nearly identical between putative class members.

76.     It is far more efficient to litigate the claims of the putative class in one single case than it would be for the Court to preside over dozens of nearly identical lawsuits.

77.     Given the demographic characteristics of the putative class, it is in the interests of putative class members to litigate these claims as efficiently as possible.

78.     Separate actions would only serve to limit Defendants' liability at the expense of the rights provided to low-wage workers under the MWHL and the MWPCL.

### COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

79.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

80.     Each defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the FLSA. 29 U.S.C. § 203(d).

81.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

82.     Defendants violated the FLSA by knowingly failing to pay Plaintiff and similarly situated individuals at least one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

83.     Defendants' violations of the FLSA were willful.

84.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff and similarly situated individuals for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

85.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

86.     Each defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

87.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

88.     Defendants violated the MWHL by knowingly failing to pay Plaintiff and similarly situated individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

89.     Defendants' violations of the MWHL were willful.

90.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiff and similarly situated individuals for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE MWPCL

91.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

92.    Each defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

93.    The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

94.    The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

95.    The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

96.    The "wages" required to be timely paid by the MWPCL include accrued paid leave. Md. Code, Lab. & Empl. Art. § 3-501(c)(5).

97.    Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff and similarly situated individuals all wages due, including overtime wages and accrued leave.

98.    Defendants' violations MWPCL were willful.

99.    For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff and similarly situated individuals for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and similarly situated individuals, respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**840,000.00**, and grant the following relief:

a.      Award Plaintiff and similarly situated individuals $840,000.00, consisting of the

following overlapping elements:

     i.      unpaid overtime wages, plus an equal amount as liquidated damages,

          pursuant to the FLSA, 29 U.S.C. § 216;

     ii.     unpaid overtime wages, plus an equal amount as liquidated damages,

          pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

     iii.    three times the amount of unpaid overtime wages and unpaid leave,

          pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff and similarly situated individuals pre-judgment and post-

judgment interest as permitted by law;

c.      Award Plaintiff and similarly situated individuals reasonable attorney's fees and

expenses;

d.      Award Plaintiff and similarly situated individuals court costs; and

e.      Award any additional relief the Court deems just.


Date: December 28, 2018                                Respectfully submitted,

                                                          /s/ Justin Zelikovitz
                                                          JUSTIN ZELIKOVITZ, #17567
                                                          DCWAGELAW
                                                          519 H Street NW
                                                          Washington, DC 20001
                                                          Phone: (202) 803-6083
                                                          Fax: (202) 683-6102
                                                          justin@dcwagelaw.com

                                                          *Counsel for Plaintiff*